## KOLKEY v. GROSSINGER.

### No. 13601.

United States Court of Appeals
Fifth Circuit.

April 1, 1952.

George E. Patterson, Jr., Jack L. Petro, Miami, Fla., Charles A. Boyle, Chicago, Ill., for appellant.

Seymour D. Keith, Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and STRUM, Circuit Judges.

HUTCHESON, Chief Judge.

Alleging, in paragraph one of her complaint, that she "brings this action against * * * defendant * * * for alienating the affections of the plaintiff's husband * * * as hereinafter set forth", plaintiff below, appellant here, set out at great length the acts and things relied on as constituting such action, and sued for one million dollars as damages caused thereby.

The defendant, invoking the Florida statute, F.S.A. § 771.01, abolishing "the rights of action heretofore existing to recover sums of money as damage for the alienation of affections, criminal conversation, seduction or breach of contract to marry", moved to dismiss the action.

The district judge, upon consideration of the motion, entered an order[1] dismissing the complaint with prejudice, and this appeal followed.

Here, though his complaint denominates his action as one for alienation of affections, and he fully concedes that the Florida Statute prohibits such an action, appellant's counsel puts up a straw man to try to knock him down. Beginning his statement of the case thus: "This is a suit * * * to recover damages * * * for the enticing away of appellant's husband by the appellee."

and ending thus:

"Statement of Question Involved and Specification of Errors.

"Does the Florida statute which prohibits the action of alienation of affections also prohibit the action of enticement?"

he devotes his brief to this question, which, tendered for the first time here, is not before us for decision.

Matters standing thus, though appellee has taken up appellant's gauntlet and invited us to judge the outcome of their

[1] "This cause is before the Court on Motion to Dismiss the Complaint filed by the plaintiff.

"The complaint sets forth an action for alienation of affections. The State of Florida, by legislative enactment has specifically declared such actions to be against the public policy of the State. By reason thereof, this Federal Court,

sitting in Florida, under the ruling of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, should follow the Florida law. It is therefore,

"Ordered that defendant's Motion to Dismiss be and the same hereby is sustained and the complaint is hereby dismissed with prejudice."

academic tilting, we must decline to do so. Addressing ourselves to the question before us: Did the judge err in dismissing the action?, we find ourselves in no doubt, that he did not, and that the judgment should be affirmed.

Affirmed.